UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JENNY KARINA GUERRA GUTIERREZ DE GUERRA, | § § § | |
| Petitioner, | § § | |
| VS. | § § | CIVIL ACTION NO. 1:26-CV-327 |
| WARDEN, PORT ISABEL SERVICE PROCESSING CENTER, *et al.,* | § § § § | |
| Respondents. | § § | |

## **ORDER**

Petitioner Jenny Karina Guerra Gutierrez de Guerra is a national of Guatemala who on March 19, 2026, filed this habeas action and on the following day submitted a related motion for a temporary restraining order. (*See* Emergency Pet., Doc. 1; Mot. for TRO, Doc. 3; *see also* Am. Pet., Doc. 5)  When she filed the lawsuit, she was detained by U.S. Immigration and Customs Enforcement within the Southern Distrct of Texas.

On March 24, the Court issued a Temporary Restraining Order (Doc. 7) prohibiting Petitioner's removal or deportation from the United States, and her transfer from the Southern District of Texas.  Respondents have now informed the Court that before the issuance of the Temporary Restraining Order, Respondents had transferred Petitioner to Louisiana. Respondents also request that the Court dissolve its injunction based on the facts in this case and the Fifth Circuit's decision in *Imran v. Harper*, No. 25-30370, 2026 WL 93131 (5th Cir. Jan. 13, 2026) (per curiam) (unpublished). (Emergency Mot., Doc. 10)

The Court finds that as Respondents represent that Petitioner was transferred to Louisiana before the issuance of the Temporary Restraining Order, the transfer did not violate that injunction.  Despite the transfer, the Court retains jurisdiction over Petitioner, as she filed

1 / 2

her Petition when confined within this Court's jurisdiction. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004); *Ex parte Endo*, 323 U.S. 283, 306 (1944).

The Court instructs Respondents that they remain subject to the terms of the Temporary Restraining Order (Doc. 7), which precludes Petitioner's deportation, removal, or transfer, but clarifies that Respondents may, but need not, transfer Petitioner back to the Southern District of Texas without violating the Temporary Restraining Order.

Respondents argue that the Court lacks jurisdiction to enjoin Petitioner, as she is subject to a final order of removal. (Emergency Mot., Doc. 10 (relying on *Imran*)) To facilitate the Court's expedited consideration of this argument, it is:

**ORDERED** that by no later than April 1, 2026, Petitioner Jenny Karina Guerra Gutierrez de Guerra shall file a response to the Emergency Opposed Motion to Dissolve Injunctive Relief and/or Modify Order Granting Stay of Removal (Doc. 10), addressing Respondents' argument based on *Imran*.

Signed on March 27, 2026.

Fernando Rodriguez, Jr.
United States District Judge