UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JENNY KARINA GUERRA GUTIERREZ DE GUERRA, | § § § | |
| Petitioner, | § § | |
| VS. | § § | CIVIL ACTION NO. 1:26-CV-327 |
| WARDEN, PORT ISABEL SERVICE PROCESSING CENTER, *et al.,* | § § § § | |
| Respondents. | § § | |

## TEMPORARY RESTRAINING ORDER

The Court previously entered a Temporary Restraining Order to preserve the status quo while it considers the issues that Petitioner Jenny Karina Guerra Gutierrez de Guerra presents. (Order, Doc. 7)[1]

Petitioner Jenny Karina Guerra Gutierrez de Guerra is a national of Guatemala currently detained by U.S. immigration authorities within the Southern District of Texas. (*See* Emergency Pet., Doc. 1; Am. Pet., Doc. 5) She has protection from removal to Guatemala.

Petitioner alleges that Respondents plan to remove her to a Mexico and attempted to do so on March 20, 2026. (Am. Pet, Doc. 5, ¶ 1) She also alleges that her removal to Mexico without certain procedural protections would violate her constitutional and statutory rights. She seeks a temporary restraining order preventing her removal to Mexico without those procedural protections. (*See* Motion for TRO, Doc. 3; Am. Pet., Doc. 5)

"A federal court has the power under the All Writs Act to issue injunctive orders in a case even before the court's jurisdiction has been established. When potential jurisdiction exists, a federal court may issue status quo orders to ensure that once its jurisdiction is shown to exist, the

---

[1] On April 2, 2024, the Court granted Petitioner's Motion to Extend the Temporary Restraining Order. (*See* Order, Doc. 14)

court will be in a position to exercise it." *ITT Cmty. Dev. Corp. v. Barton*, 569 F.2d 1351, 1359 n.19 (5th Cir. 1978).

The Court finds that the removal of Petitioner by the United States would cause Petitioner immediate and irreparable injury, as she would be unable to seek habeas relief. *See Nieto-Ramirez v. Holder*, 583 F. App'x 330, 331 (5th Cir. 2014) (finding that habeas petition which challenged the denial of bond by the immigration judge was mooted by the detainee's subsequent removal).

To facilitate the Court's consideration of the issues that Petitioner presents, it is:

**ORDERED** that Respondents are enjoined from removing or deporting Petitioner Jenny Karina Guerra Gutierrez de Guerra during the effective dates of this Temporary Restraining Order; and

**ORDERED** that Respondents are enjoined from transferring or relocating Petitioner Jenny Karina Guerra Gutierrez de Guerra outside of the Southern District of Texas during the effective dates of this Temporary Restraining Order.

This Temporary Restraining Order shall expire on the earlier of 5:00 p.m. (central standard time) on April 24, 2026, or by Order of the Court.

Based on the record and the applicable law, the Court also finds that no security is required at this time under Federal Rule of Civil Procedure 65(c). *See Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996) (noting that a court "may elect to require no security at all" under Rule 65(c)).

Issued on April 2, 2026, at 4:35 p.m. (central standard time) in Brownsville, Texas.

_____
Fernando Rodriguez, Jr.
United States District Judge

2 / 2